UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RORY MAZUR,

Case No. 5:05-cv-85

        Plaintiff,

Hon. Gordon J. Quist

vs.

WAL-MART STORES, INC.,

        Defendant.

                            /

## ORDER

This matter is now before the court on plaintiff's motion for protective order (docket no. 34) and defendant's motion to compel and for sanctions (docket no. 35).

This suit involves a claim pursuant to the Michigan Person's with Disability Civil Rights Act, M.C.L. § 37.1101 *et seq.*  The record reflects that plaintiff's wife, Mrs. Mazur, kept notes regarding events that occurred during plaintiff's employment.  She later created an outline of these notes on her computer.  In his motion, plaintiff seeks a protective order to prevent the discovery of the written outline prepared by Mrs. Mazur describing events leading to his termination and production of the computer on which Mrs. Mazur used to produce the outline.  Plaintiff contends that these communications are subject to the attorney-client privilege.  Plaintiff's motion does not reference any discovery requests directed solely at him.  Rather, he has attached a copy of a subpoena, dated January 12, 2006, issued to his wife and him to produce: "COMPUTER - including hard drive and any and all computer discs, CD's or computer recordings containing documents created by Bonnie Mazur and/or Rory Mazur."

In its motion, defendant Wal-Mart seeks to compel plaintiff and his wife, "to produce their notes and/or summary of those notes" and "to produce their computer and its storage devices for inspection."   Defendant's motion to compel arises from its first request for production of documents directed at plaintiff and an amended notice of deposition duces tecum directing Mrs. Mazur to attend a deposition on January 10, 2006 beginning at 9:00 a.m.  *See* Defendant's First Request for Production of Documents (Exh.  A) and Amended Notice of Taking Deposition *Duces Tecum* of Bonnie Mazur (Exh. C) attached to defendant's brief in support of motion to compel.  The amended notice of taking Bonnie Mazur's deposition purports to be issued pursuant to the Michigan Court Rules, and includes a list of documents that she "shall produce" at her deposition.  *See* Amended Notice of Taking Deposition.

The parties' motions address similar issues.  Defendant's motion to compel appears to be both a response to plaintiff's motion for protective order and a motion requesting additional relief.  The court will address the new issues raised in defendant's motion to compel and then address the remaining issues in plaintiff's motion for protective order.

**Defendant's Motion to Compel**

**1.      Mrs. Mazur's handwritten notes**

Based upon counsels' representations at the hearing, it appears that Mrs. Mazur's handwritten notes no longer exist. Therefore, that portion of defendant's motion to compel seeking production of the original notes is denied as moot.

**2.      Mrs. Mazur's records requested in the amended notice of deposition**.

Next, defendant's amended notice of deposition directed to Mrs. Mazur did not include a subpoena pursuant to Fed. Rules Civ. Proc. 45(a)(1)(C). The amended notice included a

demand that Mrs. Mazur produce "[a]ny and all documents, records, notes and diaries, **the substance of which was relayed by Rory Mazur to Bonnie Mazur**, which in any way pertain to Mazur's employment with or complaints against Wal-Mart." *See* Exhibit A attached to Amended Notice of Deposition (emphasis in original). While Mrs. Mazur apparently agreed to attend her January 10, 2006 deposition without a subpoena, defendant cannot enforce the demand for document production attached to the notice. "Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit." *Highland Tank & Mfg. Co. v. PS International, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005). *See Hay & Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 691 (D. Kansas 1990) ("[a] deposition notice without a subpoena is not the proper procedure to depose a non-party"). Because defendant has not directed a Rule 45 subpoena to Mrs. Mazur to produce documents, there is no basis to compel her to produce any documents pursuant to the amended notice of taking deposition. Accordingly, defendant's motion to compel is denied with respect to the documents requested in amended notice of deposition.

### 3. The Mazur's computer

Next, defendant seeks to compel the production of the Mazur's computer. In this regard, defendant has issued a subpoena directed at both plaintiff and his wife. As an initial matter, the form of the subpoena is improper. While defendant could direct a subpoena to Mrs. Mazur as a non-party pursuant to Rule 45, it had no basis to include plaintiff's name on the subpoena. *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (observing that Rule 34 applies to the discovery of documents and things from parties, while Rule 45, to the extent it concerns discovery, is directed at non-parties). Even if the form of the subpoena was proper, defendant's counsel has raised no credible reason requiring plaintiff or his wife "to produce their computer and its storage

devices for inspection." It is undisputed that plaintiff's counsel has a copy of the summary sought

by defendant. Nevertheless, Wal-Mart demands that plaintiff and his wife produce their desktop

computer at a site chosen by Wal-Mart so that it can obtain a copy of the summary.  Defendant's

request to have plaintiff or his wife surrender the computer, for the sole purpose of allowing Wal-

Mart to engage in an invasive forensic inspection of it to obtain a copy of the summary, is an

unwarranted, unnecessary and indeed, heavy handed litigation tactic.  Accordingly, defendant's

request to compel production of the computer and its storage devices is denied.

### Plaintiff's motion for protective order

Defendant apparently seeks a copy of the summary prepared by Mrs. Mazur, based

upon its first request for production of documents at request nos. 3, 4, 7 and 8. These broad

document requests could encompass the summary.[1]  In his motion for protective order, plaintiff seeks

to prevent the disclosure of the summary as information subject to the attorney-client privilege.

Thus, the final issue before the court is whether the summary of the notes prepared by Mrs. Mazur

on her home computer are protected as a privileged communication.

In diversity cases, the court applies federal law to resolve work product claims and

state law to resolve attorney-client claims.  *In re Powerhouse Licensing, LLC, et al*, -- F.3d -- (6th

Cir. March 2, 2006), slip op. at 4.  Under Michigan law, "[t]he attorney-client privilege is designed

to permit a client to confide in his attorney, knowing that his communications are safe from

disclosure." *McCartney v. Attorney General*, 231 Mich. App. 722, 731; 587 N.W.2d 824 (1998).

---

[1] Request No. 3 seeks "[a]ny document in any way pertaining to any grievance filed by Mr. Mazur or on his behalf, against WAL-MART."  Request No. 4 seeks "[a]ny documents in any way pertaining to Mr. Mazur's employment with WAL-MART."  Request No. 7 seeks "[a]ny documents prepared by Mr. Mazur which in any way pertain to his relationship, employment or otherwise, with WAL-MART."  Finally, Request No. 8 seeks "[a]ny documents in Mr. Mazur's possession that in any way pertain to his claims against WAL-MART."

The privilege attaches to direct communications between a client and his attorney, as well as communications made through their respective agents. *Reed Dairy Farm v. Consumers Power Company*, 227 Mich. App. 614, 618, 576 N.W.2d 709 (1998). The scope of the privilege is narrow "attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice." *Id.* at 618-19.

Here, the record reflects that plaintiff's wife prepared both the handwritten notes and the summary. Mrs. Mazur testified that she started taking prepared the notes "for the attorney." Bonnie Mazur Dep. at 53-54. Mrs. Mazur testified that she began taking notes about plaintiff's workplace complaints on pieces of scrap paper, saved the papers for a while, and then typed up a summary of the notes on both her typewriter and her computer for use by Mr. Shumar (an attorney that plaintiff met with but did not retain), and Mr. O'Neil (plaintiff's attorney in this suit). *Id.* at 50-55. Mrs. Mazur testified that she typed the summary "possibly a couple of weeks before the appointment" with Mr. Shumar. *Id.* at 54-55 When asked why she transcribed the notes onto the computer, Mr. Mazur replied, "[j]ust to mark down some important things and get ride of the scrap papers and make it more organized so that, when we spoke to Mr. Shumar, we'd be able to tell him different things to help refresh our memories." *Id.* at 54-55.

Because Mrs. Mazur is not a party to this litigation, plaintiff cannot raise the issue of attorney-client privilege unless she acted as plaintiff's agent in communicating the information to his attorneys. *See, e.g., Grubbs v, Kmart Corp.*, 161 Mich. App. 584, 589, 411 N..2d 477 (1987) (attorney-client privilege attached to communications by minor's parents, who were acting as minor's agents to seek legal advice for minor). In *Stephenson v. Golden*, 279 Mich. 710, 276 N.W.2d 849 (1937), the Michigan Supreme Court defined an agent as follows:

What is an agent?

> An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal.

> An agent is one who acts for or in the place of another by authority from him; one who undertakes to transact some business or manage some affairs for another by authority and on account of the latter, and to render an account of it. He is a substitute, a deputy, appointed by the principal, with power to do the things which the principal may or can do.

* * *

> Agency in its broadest sense includes every relation in which one person acts for or represents another by his authority.

> Whether an agency has been created is to be determined by the relations of the parties as they in fact exist under their agreements or acts.

*Stephenson*, 279 Mich. 710, 734-35 (citations and quotations omitted).

Here, plaintiff alleges that he has a history of epilepsy and closed head injury with cognitive deficits. Compl. at ¶ 8. At his deposition, plaintiff testified that his wife kept a diary of his activities as Wal-Mart because he is "not good at writing" and that his wife "always keeps notations on anything I tell her that got something to do with where I'm working at." Rory Mazur Dep. at 10, 24. While there is no evidence before the court regarding the extent of plaintiff's alleged cognitive deficits, the testimony demonstrates that plaintiff relied upon his wife to prepare the notes and summary prior to seeking legal advice. Based on this testimony, the court finds that Mrs. Mazur was acting as plaintiff's agent when she prepared both the handwritten notes and the summary. The court further finds that the handwritten notes and the summary were confidential communications prepared by plaintiff's agent "made for the purpose of obtaining legal advice." *Reed Dairy Farm*, 227 Mich. App. at 618-19. Accordingly, the summary is subject to the attorney-client privilege.

6

Finally, defendant has characterized Mrs. Mazur's handwritten notes and summary as pre-existing documents that are subject to discovery.  As a general rule, pre-existing documents are subject to discovery.  *See In Re Costs and Attorneys Fees*, 250 Mich. App. 89, 99-100; 645 N.W.2d 697 (2002), *quoting Fisher v. United States*, 425 U.S. 391, 403-04 (1976) ("pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice").  Such a nonprivileged document does not become privileged simply because the client gives the document to his attorney.  *See Fisher*, 425 U.S. at 403-04; *In Re Costs and Attorneys Fees*, 250 Mich. App. at 99-100 (a signed letter of intent found by law firm employee in a client's office did not become  a privileged document when employee turned the document over to an attorney in the law firm).  However, the present case is distinguishable from *Fisher* and *In Re Costs and Attorneys Fees*.   While both the handwritten notes and the  summary were created before plaintiff retained an attorney, both the notes and the summary were prepared for one purpose: to enable plaintiff to seek legal advice from attorneys.  *See Reed Dairy Farm*,  227 Mich. App. at 618-19.  For these reasons, the summary is protected from disclosure as a privileged communication to plaintiff's counsel.

Accordingly,

**IT IS ORDERED** that defendant's motion to compel (docket no. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a protective order (docket

no. 34) is **GRANTED**.  Plaintiff is directed to submit a proposed protective order to the court within

ten (10) days of the entry of this order.


Dated:  April 19, 2006                                     /s/ Hugh W. Brenneman, Jr.
                                                          Hugh W. Brenneman, Jr.
                                                          United States Magistrate Judge